UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
..................................................................

AMANPREET SINGH,

                Plaintiff,

      - vs -                                  9:05-CV-0764

DR. PANG KOOI; LESTER N. WRIGHT;
DEPT. COMM/CHIEF MEDICAL OFFICER,

                Defendants.
..................---..................................................

APPEARANCES:                          OF COUNSEL:

FOR THE PETITIONER:

AMANPREET SINGH
Plaintiff, *pro se*
**Last Known Address:**
A77 937 910
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

### I. Background

      Plaintiff Amanpreet Singh ("plaintiff") filed a civil rights action against defendant on June 17, 2005.

      On December 29, 2005, the Clerk's Office filed an Order issued by Magistrate Judge David R. Homer denying without prejudice, plaintiff's motion for appointment of counsel (dkt. no. 9). On January 9, 2006, that Order was sent to plaintiff's address at that time, but was returned to the Court as undeliverable.

A review of the Bureau of Prisons webpage and Department of Corrections do not indicate an incarcerated individual by the name of Amanpreet Singh with assigned prison No: A77 937 910.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court.  *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

Moreover, a plaintiff has the duty to inform the court of any address changes.  As then District Judge Pooler has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

Additionally, the Local Rules of Practice of the Northern District of New York require that "[a]ttorneys of record and pro se litigants must immediately notify the Court of any change of address."  Local Rule 10.1(b)(2).  Local Rule 41.2(b) further provides that "[f]ailure to notify the Court of a change of address in accordance with Local Rule 10.1(b) may result in dismissal of any pending action."

By Order of Magistrate Gustave J. Di Bianco, filed on June 5, 2003, plaintiff was advised that he is ". . . also required to promptly notify the Clerk's Office . . . of any change in plaintiff's address; his failure to do so will result in the dismissal of this action."  *See* Docket No. 5, at page 3.

This matter cannot proceed if the plaintiff does not provide the court with his current address.  Since plaintiff has failed to inform the Court of same, it is

ORDERED, that

1.  This action is dismissed.  *See* Local Rule 41.2(b) (dismissal of action appropriate where plaintiff fails to notify Court of change of address); and

2.  The Clerk is directed to serve a copy of this Order on the plaintiff by regular mail.

IT IS SO ORDERED.

Dated:   May 30, 2007
         Utica, New York.

_____
United States District Judge